The action was brought for charging the plaintiff with having trumped up and sworn to an account.
The following is the case sent to this court: The plaintiff introduced several witnesses to prove his general character, who said his character was good. The defendant's counsel then asked them if they had not heard that plaintiff had sworn to a lie in Randolph; to this plaintiff's counsel excepted. The court then said to defendant's counsel, "You must not ask the witness questions as to any particular offense, or what any particular person had said, but you may ask if there was a current report in the neighborhood that plaintiff had sworn to lies while living in Randolph." To this question plaintiff's counsel excepted. All of the witnesses answered that there was. Upon being further questioned by plaintiff's counsel, some of them said the report was confined to a particular suit with one Nance; others, that the report covered at least two instances of false swearing. Each of these witnesses said he did not remember to have heard the report from more than three or four persons, but that he heard those persons speak of it before the dispute between plaintiff and defendant arose. The plaintiff moved from Randolph to Davidson four or five years ago.
The court charged the jury that the testimony was permitted to go to them, not as a justification, but for their consideration in awarding damages; that it was for them alone to say what damages ought to be given to the plaintiff, either for the injury to his character, or as an example to deter others from slandering their neighbor, and that it was right and proper that they should know the exact standing of plaintiff, as it was supposed that they would give greater damage for an imputation upon the character of a man above suspicion or reproach than for an imputation upon one whose character was not so fair; (358) but that was a matter about which they were allowed to exercise their own discretion." Plaintiff's counsel excepted to the charge. *Page 274 
Verdict for plaintiff for $2. Judgment and appeal by plaintiff.
Upon the case presented to this court, we think there is error in this: His Honor allowed matters elicited on a cross-examination and which were only admissible to weaken the force of the testimony in chief, to go to the jury for a different purpose.
The evidence in regard to the reports in Randolph County, were improperly submitted to the jury as elements from which they might make up an estimate of their own of the character of the plaintiff. That is not the way in which juries are informed as to character. They take the testimony of a witness who is supposed to be capable of reflecting in general terms the judgment of the public, and rely upon that. Any other mode would but multiply occasions for scandalous strife and prove impracticable in its results. A current report and general character are not equivalent and convertible terms. The one may be evidence of the other, but is not conclusively so.
While, therefore, the evidence of the report in Randolph might be properly brought out on cross-examination with a view to analyze and test the foundation of the witness's testimony, and might be used by the jury in estimating the weight of such testimony, it was not proper it should be used in any other connection. It was not proper it should be used as direct evidence of general character.
PER CURIAM. Venire de novo.
Cited: S. v. Laxton, 76 N.C. 218; S. v. Brown, ibid., 225; Lord v.Beard, 79 N.C. 13; S. v. Gee, 92 N.C. 760; S. v. Holly, 155 N.C. 492.
Distinguished: S. v. Lanier, 79 N.C. 624.
(359)